# Inner City Press

MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 08/17/2026

August 17, 2026

By E-mail to Chambers

Hon. Valerie E. Caproni, United States District Judge
Southern District of New York, 500 Pearl Street, New York, NY 10007

Re: Press application to be heard / to unseal and unredact motion to suppress and exhibits in US v. Herbert, 26-cr-4 (VEC)

Dear Judge Caproni:

Inner City Press has been covering the above captioned criminal case since the presentment in January and is troubled by the August 14, 2026 redactions to the motion to suppress and withholding of exhibits.

Inner City Press hereby opposes the redactions and sealing in full and asks that they be reversed, and/or that it have an opportunity to be heard on the scope of secrecy.

The letter motion to seal states that Defendant "takes no position at this time as to whether these materials should remain under seal," and that the sole basis for sealing is the government's confirmed view, relayed through defense counsel following a meet-and-confer, that the materials "should be filed under seal." No further explanation appears anywhere in the letter.

The Declaration of Jordan Estes filed in support of the Motion (ECF No. 44) identifies what Exhibits 1-6 actually are: Exhibits 1 through 5 are the search warrant affidavits, the warrants themselves, and related attachments underlying five separate warrants issued by five different magistrate judges of this Court between July 2, 2024 and February 18, 2026; Exhibit 6 is defense counsel's own July 28, 2026 letter requesting discovery under Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972).

Two of these warrants — the July 2024 and September 2024 warrants — are now more than two years past execution. Whatever investigative sensitivity may once have justified sealing warrant materials at the time they were sought or executed does not self-evidently persist once the defendant has been indicted and the government's own conduct in obtaining and executing those very warrants is the subject of a public suppression motion.

Inner City Press: In-house SDNY: Room 480, 500 Pearl Street, NY NY 10007
E-mail: Matthew.Lee@innercitypress.com - Tel: 718-716-3540
Regular Mail: Dag Hammarskjold Center, Box 20047, New York, NY 10017

The Second Circuit requires that any sealing of judicial documents be supported by "specific, on the record findings... demonstrating that closure is essential to preserve higher values," narrowly tailored to the interest actually at stake. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006). No such findings, nor any explanation why continued sealing of two-year-old, already-executed warrants remains necessary, appears anywhere in the government's position as relayed by defense counsel.

The public interest here is not abstract. The Motion to Suppress argues that the government exceeded the scope of its own warrants and acted in bad faith in doing so. Warrant applications and the warrants themselves, once the subject of a public challenge to their propriety, are precisely the kind of judicial documents in which the public has the strongest interest — they bear directly on whether search warrants in this District are sought, drafted, and executed consistent with their own terms, a question of public confidence in the warrant process independent of the merits of the underlying prosecution. Inner City Press respectfully requests that the Court direct the government to file a statement identifying, with the particularity Lugosch requires, what specific portions of the Motion and Exhibits 1-6 it contends must remain sealed and why — including, specifically, why the July 2024 and September 2024 warrant materials, now over two years old, remain sealed — and to show that redaction of specific material, rather than sealing of the entire submission, would be inadequate. Absent such a showing, Inner City Press respectfully submits that the Motion and Exhibits should be unsealed.

"Representatives of the press must be given an opportunity to be heard on the question of their exclusion from a court proceeding, and we have recognized a similar right of news media to intervene in this Court to seek unsealing of documents filed in a court proceeding." Trump v. Deutsche Bank AG, 940 F.2d 146, 150 (2d Cir. 2019). SDNY Judge Rakoff has previously granted an e-mailed Inner City Press request to unseal, in *US v. Weigand*, 20-cr-188 (JSR), see Dkt. No. 250. The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).

Please docket this challenge to the over-redaction and sealing, as SDNY Judges Stein, Hellerstein, Castel, Furman, Kaplan and others have done, and has been done since in EDNY, DDC, MAD, MDD, COD, CDDA, ILND, WDWA, CTD and elsewhere. See, e.g., (Aug 7, WAWD) https://www.courtlistener.com/docket/69802986/58/united-states-v-fabiani/, (Aug

4, 2025) NDCA https://www.courtlistener.com/docket/73636209/9/sei-robotics-co-ltd-v-yildirim/ (July 31, 2026) CTD
https://www.courtlistener.com/docket/72047553/64/united-states-v-sakal/
"Intervenor Inner City Press makes a compelling argument;" (July 17, 2026) NDIN
https://storage.courtlistener.com/recap/gov.uscourts.innd.127119/gov.uscourts.innd.127119.72.0.pdf

And see, on the requirement for greater specificity in the public reasons for redactions and sealing, see Lee v. Greenwood, 145 F.4th 248, No. 23-7432-cr, 2025 WL 2101302, at *2 (2d Cir. July 28, 2025) - redactions or sealing "only if 'specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'

If appropriate, PLEASE TAKE NOTICE that Inner City Press and its undersigned reporter, in personal capacity, will move this Court before Honorable Valerie E. Caproni, U.S. District Judge for the Southern District of New York, at a date and time directed by the Court, for entry of an order granting permission to be heard on unsealing or unredaction of these submissions in 26 Cr. 4 (VEC).

Please act on, and docket, this request, PDF attached, as soon as possible. Thank you.

Respectfully submitted,

/s/

Matthew Russell Lee, Inner City Press

cc: jestes@gibsondunn.com, justin.horton@usdoj.gov

The above letter was received by email to the Court on Monday, August 17, 2026.

The Government is hereby ordered to respond to Inner City Press's challenge to the sealing of materials associated with Defendant's motion to suppress, *see* Dkts. 44 and 45, by letter filed on ECF no later than **Friday, August 21, 2026**. Such response shall be no longer than five (5) pages.

SO ORDERED.

08/17/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE