**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

August 21, 2026

**BY ECF**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re: *United States v. Anthony Herbert*, 26 Cr. 004 (VEC)**

Dear Judge Caproni:

The Government respectfully submits this letter in response to the Court's August 17, 2026 Order (Dkt. 46) directing the Government to respond to a letter from Inner City Press regarding the sealing of certain materials associated with the defendant's August 14, 2026 motion. For the reasons set forth herein, the Court should permit one exhibit to remain under seal and approve proposed redactions to other materials.[1] The Government submits the materials with proposed redactions for the Court's review, and requests that these materials be received under seal.

## I. Background

On or about August 14, 2026, the defendant filed a motion to suppress evidence (the "Suppression Motion") along with a declaration in support of the motion and a series of exhibits largely consisting of search warrants and accompanying affidavits obtained during the investigation of this matter (the "Exhibits"). (Dkts. 43 and 44). The Government produced the Exhibits as part of the discovery in this case on an Attorney's Possession Only basis under the protective order, (Dkt. 17), because the Exhibits include information regarding uncharged individuals and conduct that is the basis of ongoing investigation, and that identifies or could lead to the identification of witnesses who may be subject to intimidation or obstruction. For those reasons, prior to the defendant filing the Suppression Motion, the Government advised defense counsel that, in the first instance, the Exhibits (and references in the Suppression Motion to the Exhibits) should be filed under seal. The Government explained it would further assess whether unsealing in whole or in part is warranted after the defendant filed the Suppression Motion and the Government had an opportunity to review it. Having now had that opportunity, the Government proposes a set of narrowly tailored redactions to the Exhibits (and continued sealing of one Exhibit)

[1] In his letter regarding sealing, the defendant stated that he "takes no position at this time as to whether these materials should remain under seal." (Dkt. 45).

that balances the need for public access to judicial documents with law enforcement and privacy interests.[2]

## II. Legal Standard

The public has a presumptive common law right to access judicial documents and the First Amendment protects the public's right to access judicial documents and proceedings. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016); *Hartford Courant Co. v. Pelligrino*, 380 F.3d 83, 91-92 (2d Cir. 2004).

"Notwithstanding the presumption of access under both the common law and the First Amendment, the documents may be kept under seal if 'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework so demand." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). The Second Circuit has held that "[t]he privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure . . . should weigh heavily in a court's balancing equation." *In re New York Times Co*., 828 F.2d 110, 116 (2d Cir. 1987); *see also In re Search Warrant*, No. 16 Misc. 464 (PKC), 2016 WL 7339113, at *4 (S.D.N.Y. Dec. 19, 2016) ("Both the individual whose name appears in a search warrant or related document and the government have a strong interest in keeping that person's identity secret. . . . [A] person whose conduct is the subject of a criminal investigation but is not charged with a crime should not have his or her reputation sullied by the mere circumstance of an investigation."). The Second Circuit has identified such privacy interests as "a venerable common law exception to the presumption of access." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). "In determining the weight to be accorded an assertion of a right of privacy," "[t]he nature and degree of injury must also be weighed," including "the sensitivity of the information and the subject," and whether "there is a fair opportunity for the subject to respond to any accusations contained therein." *Id*.

The Second Circuit has also identified the law enforcement privilege as an interest worthy of protection, noting that the privilege is designed

> to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation.

*In re Dep't of Investigation*, 856 F.2d 481, 484 (2d Cir. 1988); *see also Lugosch*, 435 F.3d at 120 (noting that the "danger of impairing law enforcement" may be a countervailing factor outweighing the qualified right of access); *Amodeo*, 71 F.3d at 1050 (citing *United States v. Valenti*, 987 F.2d 708, 714 (11th Cir. 1993) (affirming district court's refusal to unseal transcripts

[2] The Government does not at this time submit specific corresponding redactions to the Suppression Motion, because those redactions will stem from the Court's ruling regarding redactions to the Exhibits, but submits that any information the Court permits be redacted in the Exhibits should be similarly redacted in the Suppression Motion.

of *in camera* proceedings on the ground that it would damage continuing law enforcement investigations)).

In addition, the court in *Amodeo* found that the "voluntary cooperation of persons who may want or need confidentiality" is "often essential to judicial efficiency." 71 F.3d at 1050. Thus, "[i]f release [of a judicial document] is likely to cause persons in the particular or future cases to resist involvement where cooperation is desirable, that effect should be weighed against the presumption of access." *Id*.

## III. Discussion

### A. The Proposed Redactions are Appropriate

The proposed redactions to the Exhibits are narrowly tailored to prevent disclosure of the Government's ongoing investigations and information related to uncharged third parties or that could lead to the identification of victims and witnesses.

Most of the proposed redactions (and, in the case of Exhibit 5, the proposed continued sealing) are needed to protect the privacy interests of uncharged third parties or the Government's ongoing investigations. The redactions of names or other identifying information and uncharged conduct are a reasonable means of "safeguard[ing] the privacy of individuals involved in an investigation," and ensuring the "prevent[ion of] interference with an investigation," *In re Dep't of Investigation*, 856 F.2d at 484, as well as ensuring that "a person whose conduct is the subject of a criminal investigation but is not charged with a crime should not have his or her reputation sullied by the mere circumstance of an investigation." *In re Search Warrant*, 2016 WL 7339113, at *4.

Other redactions are justified because they relate to the privacy interests of victims and witnesses, including cooperating witnesses. Identification of the witnesses at this stage of the proceedings risks discouraging cooperation and may cause reputational harm to witnesses; for example, some of the communications quoted in the affidavits may suggest—if taken as true—that certain witnesses were aware of wrongdoing, whether or not that was in fact the case, and disclosure of their identities in the affidavits without the full context provided by a trial (if the witnesses were to later testify and be publicly identified) could lead to a misleading and potentially harmful impression. These legitimate interests outweigh the public's interest in disclosure. *See Amodeo*, 71 F.3d at 1050.

Redactions have also been applied to protect the privacy interests of the defendant, such as his email address, phone number, home address, and date of birth.

### B. Exhibit 5 Should Be Filed Under Seal

The Government respectfully submits that Exhibit 5 should remain under seal in its entirety. Exhibit 5 relates to uncharged conduct that is not public and that is the subject of an

ongoing grand jury investigation.[3] Because of the nature of this affidavit, redactions would be required for nearly all content contained in the exhibit that is not already duplicative of information in other exhibits for which redactions have been proposed (such as a history of the investigation or list of prior warrants), and therefore sealing, rather than redacting, Exhibit 5 is appropriate. *See Amodeo*, 71 F.3d at 1053 (where "suggested redactions include virtually the entire text," the "decision to unseal" may be an "all or nothing matter").

## IV. Conclusion

Accordingly, Government requests that the Court accept the proposed redactions in the Exhibits and permit Exhibit 5 to be filed under seal.

Respectfully submitted,

JAMES M. McDONALD
United States Attorney

By: /s
Catherine Ghosh
Justin Horton
Benjamin Burkett
Assistant United States Attorneys
(212) 637-1114 / 2276 / 2455

3 [redacted]