# Exhibit 7

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

August 11, 2026

**BY EMAIL**
Jordan Estes, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166-0193

**Re: *United States v. Anthony Herbert*, 26 Cr. 004 (VEC)**

Dear Ms. Estes:

The Government writes in response to your July 28, 2026 letter ("Ltr."), requesting certain materials "pursuant to the Fifth and Sixth Amendments to the United States Constitution, Rules 16 and 26.2 of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and the additional authority set forth" in the letter.[1]

As an initial matter, although your letter does not appear to assert otherwise, we are aware of our disclosure obligations, including those arising under Federal Rule of Criminal Procedure 16, *Brady v. Maryland* and its progeny, *Giglio v. United States* and its progeny, and the Jencks Act, 18 U.S.C. § 3500. We have complied with, and will continue to comply with, those obligations, irrespective of whether you specifically request such material, or how you characterize that material. As you are aware, we have made substantial productions of discovery in this matter, including materials beyond what is required by Rule 16, and we have also provided you with a detailed discovery index to assist in your review.

[1] You have requested materials in the possession, custody, or control of "the U.S. Attorney's Office for the Southern District of New York, the New York Field Office of the Internal Revenue Service-Criminal Investigation, the New York City Department of Investigation, and any federal, state, or local agency involved in any way in investigating the activities alleged in the above-referenced Indictment or related conduct." (Ltr. at 1). To the extent you are requesting that we seek out, obtain if it exists, and then disclose information or material that is not within the possession, custody, or control of the prosecution team—but instead, to the extent it exists, within the possession, custody, or control of various other federal or non-federal government agencies outside of the prosecution team—we are not aware of any authority for that sweeping and impracticable request, nor is it consistent with the law. *See, e.g.*, *United States v. Avellino*, 136 F.3d 249, 255 (2d Cir. 1998); *United States v. Locascio*, 6 F.3d 924, 949 (2d Cir. 1993); *United States v. Gupta*, No. 23 Cr. 289 (VM), 2025 WL 2463631, at *1 (S.D.N.Y. Aug. 27, 2025) ("[T]he Government's discovery obligations extend to information known to the prosecutor and others who can be considered members of the prosecution team.").

With respect to your specific requests, we endeavor to respond to those below. By providing this or additional such information, the Government does not waive any argument that the defendant is not entitled to what you seek or that your characterization of what you seek is inaccurate. Nor, by providing information below or in the future as a courtesy, does the Government intend to limit its evidence, arguments, or legal theories. We are also available to confer at your convenience.

**Category A: Statements of the Defendant**

You have requested the production of "[a]ny written or recorded statement or admission made by Mr. Herbert" pursuant to Rule 16(a)(1)(B)(i). (Ltr. at 1). As noted above, we are aware of and have complied with our Rule 16 obligations, and we will continue to do so. For example, and as a courtesy, we note that recordings of conversations with the defendant were produced in the first discovery production made on February 11, 2026 (USAO_00000306 through USAO_0000361); responsive extractions of the defendant's phones were produced in the first and second discovery productions made on February 11 and March 3, 2026 (USAO_0000362 and USAO_00113584); and the full contents of the defendant's phones were produced in the third discovery production on March 13, 2026 (USAO_00113590 through USAO_00113592).[2]

You have also requested material beyond the requirements of Rule 16, such as "[a]ll written or recorded statements of witnesses that reflect, relate to, or incorporate any statements by Mr. Herbert." (Ltr. at 2). The material sought in this request appears to be that to which the defendant is entitled, if at all, under Section 3500, which provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). Rule 16 similarly exempts from production "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case," as well as "statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500." Fed. R. Crim. P. 16(a)(2). In light of these provisions, requests for discovery of Jencks Act materials in advance of trial are uniformly denied in this District. Indeed, there is no legal basis to order the disclosure of statements of Government witnesses before their direct testimony at trial. *See In re U.S.*, 834 F.2d 283, 284-87 (2d Cir. 1987) (issuing a writ of mandamus reversing district court's order directing the Government to produce "all oral statement made by the defendants and coconspirators that the Government planned to offer at trial as admissions of a defendant" that had been "'at some point . . . memorialized in one form or another'"); *United States v. Viserto*, 596 F.2d 531, 538 (2d Cir. 1979) (statements "memorialized originally only in the recollection of a witness" are not

[2] Although counsel from Gibson, Dunn & Crutcher LLP was appointed pursuant to the Criminal Justice Act on July 16, 2026, the Court declined at that time to relieve existing counsel, Richard Washington, Esq.—who has represented the defendant in connection with this matter since prior to his January 13, 2026 arrest—until Mr. Washington moves to be relieved after successful transition to new counsel. To date, there has been no motion to relieve Mr. Washington, who therefore remains counsel for the defendant in this matter and has had access to the discovery materials in this case for months.

discoverable under Rule 16); *United States ex rel. Lucas v. Regan*, 503 F.2d 1, 3 n.1 (2d Cir. 1974); *United States v. Sebastian*, 497 F.2d 1267, 1268-69 (2d Cir. 1974); *United States v. Percevault*, 490 F.2d 126, 129-32 (2d Cir. 1974).

As you are aware, it is common in this District for 3500 and *Giglio* material to be produced soon before trial, a practice that has been widely held to be sufficient to satisfy the requirement that such material be produced "in sufficient time that the defendant will have a reasonable opportunity to act upon the information efficaciously." *United States v. Rodriguez*, 496 F.3d 221, 226 (2d Cir. 2007). Consistent with this well-established and appropriate practice, we intend to produce any existing 3500 and *Giglio* material reasonably before trial. We are amenable to discussing a mutual schedule for all pretrial and trial-related disclosures, including Rule 26.2 material, witness lists, and exhibits. We also note that we have not yet received any reciprocal discovery from the defendant.

**Category B: Other Crimes Evidence**

With respect to any evidence that the Government may seek to offer pursuant to Rule 404(b) (Ltr. at 2), Rule 404 requires only that "reasonable notice of any such evidence that the prosecutor intends to offer at trial," including "the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose," be provided sometime "before trial." Fed. R. Evid. 404(b)(3); *see also United States v. Cave*, No. 18 CR. 689-1 (AT), 2019 WL 2764081, at *1 (S.D.N.Y. July 1, 2019) ("Rule 404(b) sets no minimum time for action by the government in this request, nor would any time limit be appropriate, since the evidence the government wishes to offer may well change as the proof and possible defenses crystallize.") (internal citations omitted). In this Circuit, that provision typically is construed to require notice several weeks before trial. *See, e.g.*, *United States v. Giffen*, 379 F. Supp. 2d 337, 345 (S.D.N.Y. 2004). As with 3500 and potential *Giglio* material, we are amenable to discussing a mutual schedule of all pretrial and trial-related disclosures, both for the defense and for the Government.

**Category C: Search Warrant Materials**

Regarding your request for unredacted search warrant materials, the Government will not provide unredacted copies of the search warrant affidavits. On April 24, 2026 and August 4, 2026, Judge Caproni issued sealed orders on the Government's *ex parte* applications pursuant to Rule 16(d), finding good cause for the Government to provide redacted versions of certain materials to avoid disclosure of unrelated and ongoing investigations. The redactions are narrowly tailored to that purpose.

Your requests for "CS-1's full impeachment record" and "[a]ll law enforcement reports or other memoranda reflecting the directions given to CS-1 before the recorded calls and meetings" (Ltr. at 2-3) appear to seek *Giglio* or Jencks Act materials. As noted above, we are aware of, have complied with, and will continue to comply with our discovery and disclosure obligations, including those arising under Rule 16, *Brady*, *Giglio*, and the Jencks Act. As further noted, it is common in this District that such material is produced shortly in advance of trial. *United States v. Hernandez*, No. 09 Cr. 625 (HB), 2010 WL 26544, at *6 (S.D.N.Y. Jan. 6, 2010) (declining to order immediate disclosure of *Giglio* material, because the Government stated it would provide

both *Giglio* and Jencks Act material "shortly before trial"); *United States v. Davis*, No. 06 Cr. 911 (LBS), 2009 WL 637164, at *14 (S.D.N.Y. Mar. 11, 2009) ("The Second Circuit has held that a request for immediate or early disclosure [of *Giglio* material] has no basis in the law."). Although the Government will provide a list of anticipated witnesses closer to trial (and, as noted, we are amenable to discussing a schedule for such disclosures), we note that the Government does not plan to call CS-1 as a witness at trial or to offer any of his statements for the truth of the matter asserted. Rather, the Government intends to introduce CS-1's recorded conversations and text messages with the defendant only to provide context for the defendant's own statements and as the defendant's adopted admissions.

You have also requested "[a]ll law enforcement reports prepared for or relied upon in connection with the Search Warrants issued in the investigation" and "[a]ll law enforcement reports or other memoranda reflecting how reviews of the Search Warrants were conducted, all document review protocols for the Search Warrants, and in particular, all facts establishing the 'plain view' referenced in 25 Mag. 2583." (Ltr. at 2-3). To the extent the Government understands these requests, the defendant is not entitled to that information. Rule 16 does not permit a defendant to demand information about the Government's internal processes whenever he wishes to assess their quality, *see* Fed. R. Crim. P. 16, and there is no legal basis for the production of any review protocols used to conduct searches of electronic data. *See, e.g.*, *United States v. Galpin*, 720 F.3d 436, 451 (2d Cir. 2013) (declining to impose or require "specific search protocols or minimization undertakings as basic predicates for upholding digital search warrants"). To the extent you are requesting *Giglio* or Jencks Act materials, you are not entitled to that material at this time for the reasons described above.[3]

Finally, "the results of the responsiveness reviews completed pursuant to the Search Warrants" (Ltr. at 2) have, as noted above, been provided in discovery productions made on February 11 and March 3, 2026. To the extent additional responsive materials are identified, they will be promptly produced.

---

[3] You have not suggested there were any "deliberate falsehood[s] or statement[s] made with reckless disregard for the truth . . . in the warrant affidavit[s]" and that any such "statement[s] [were] necessary to the judge's finding of probable cause," *United States v. Falso*, 544 F.3d 110, 125 (2d Cir. 2008) (quoting *Franks v. Delaware*, 438 U.S. 154, 170 (1978)), let alone made a "substantial preliminary showing" of such, and therefore to the extent you are seeking discovery regarding a potential *Franks* motion, you are not entitled to such discovery. *See, e.g.*, *United States v. Messalas*, 612 F. Supp. 3d 93, 111 (E.D.N.Y. 2020) ("[D]iscovery requests seeking to support a *Franks* challenge should be denied where a defendant has failed to make the preliminary showing necessary for a *Franks* hearing."); *United States v. Harding*, 273 F. Supp. 2d 411, 430 (S.D.N.Y. 2003) (defendant "is not entitled to wide-ranging discovery to canvass for evidence in support of his motion to suppress"); *United States v. Alexandre*, No. 22 Cr. 326 (JPC), 2023 WL 416405, at *14 (S.D.N.Y. Jan. 26, 2023). Indeed, the Supreme Court explained in *Franks* "that one of the benefits of requiring 'a substantial preliminary showing' was that it would 'prevent the misuse of a veracity hearing for purposes of discovery.'" *Messalas*, 612 F. Supp. 3d at 110-11 (quoting *Franks*, 438 U.S. at 170).

**Category D: *Brady* and *Giglio* Material**

As explained, we are aware of, have complied with, and will continue to comply with our discovery and disclosure obligations, including those arising under *Brady*, *Giglio*, and New York Rule of Professional Conduct 3.8. To the extent you are seeking "immediate identification and disclosure" of documents and information "that would tend to impeach the witnesses against Mr. Herbert," (Ltr. at 3)—or, even more broadly, any notes of any witness statements, period (Ltr. at 5, Request D(1)(l))—as explained above, *Giglio* and Jencks Act materials will be provided shortly in advance of trial (and the Government is amenable to discussing a schedule).

To the extent you are seeking materials that may tend to exculpate the defendant, the Government provided a letter to Mr. Washington on February 2, 2026, disclosing certain information pursuant to and/or beyond its obligations under *Brady*, and noted it would "provide timely disclosure if any such information, not already otherwise disclosed, comes to light," which the Government continues to commit to doing.[4]

Furthermore, regarding the seventeen categories of information you request be "disclosed immediately," the Government does not agree that such information is in fact "*Brady* and Rule 3.8 material." (Ltr. 3-5). For example, information (if it existed) suggesting that the defendant's efforts to advise or pressure other officials failed, were unnecessary, or were also motivated by legitimate policy reasons (*see, e.g.*, Requests D(1)(c), (d), (f), (o), (p)), would be legally irrelevant to the charged offenses. *See, e.g.*, *United States v. Carson*, 464 F.2d 424, 433 (2d Cir. 1972) ("[F]ederal bribery statutes have been construed to cover any situation in which the advice or recommendation of a Government employee would be influential, irrespective of the employee's specific authority (or lack of same) to make a binding decision."); *United States v. Brewster*, 408 U.S. 501, 526 (1972) ("There is no need for the Government to show that [the defendant] fulfilled the alleged illegal bargain; acceptance of the bribe is the violation of the statute, not performance of the illegal promise."); *United States. v. Percoco*, 13 F.4th 180, 201 (2d Cir. 2021) ("All that ultimately matters is Percoco's *agreement* to perform official action, not his execution of the deal." (emphasis in original)), *rev'd on other grounds*, 598 U.S. 319 (2023); *City of Columbia v. Omni Outdoor Advertising, Inc.*, 499 U.S. 365, 378 (1991) (a defendant may be "guilty of accepting a bribe even if he would and should have taken, in the public interest, the same action for which the bribe was paid"); *United States v. Calk*, 87 F.4th 164, 181 (2d Cir. 2023) ("In the context of public official bribery, we have stressed that a 'valid purpose that partially motivates a transaction does not insulate participants in an unlawful transaction from criminal liability.'" (internal citation omitted)); *United States v. Skelos*, No. S1 15 Cr. 317 (KMW), 2016 WL 1532253, at *6 (S.D.N.Y. Apr. 14, 2016) (not a defense to bribery that charged actions allegedly "were consistent with 'the best interest of [defendant's] constituency and the citizens of New York State'"), *vacated on other grounds*, 707 F. App'x 733 (2d Cir. 2017).

---

[4] In this regard, the Government notes that the voluminous discovery already produced includes, among other things, text messages and emails between the defendant and relevant individuals such as CS-1 and various City officials, which may contain material responsive to your requests (to the extent it exists) such as documents purporting to reflect the defendant's reasons for advocating for increased NYCHA security (Request D(1)(o)) or documents indicating whether the defendant sought any guidance concerning the propriety of his conduct (Request D(1)(j)).

In sum, to the extent the Government has in its possession, custody, or control documents or information falling under the seventeen enumerated categories and those documents and information constitute Rule 16 or exculpatory material, they have been produced; to the extent the Government identifies or comes into possession of additional such material, it will be promptly provided; and to the extent your request seeks Jencks Act or *Giglio* material, it will be provided reasonably in advance of trial.[5]

***

Separately, we note that we have not received any reciprocal discovery to date. We renew our request for reciprocal disclosure from the defendant. Please confirm whether the defendant has, to date, met the defendant's reciprocal disclosure obligations under Rule 16(b), and recognizes that such obligations are continuing ones. *See* Fed. R. Crim. P. 16(b)(1).

We also request you provide notice of any affirmative defenses, including entrapment and advice-of counsel. *See, e.g.*, *United States v. Robert Menendez*, S4 23 Cr. 490 (SHS), Dkt. 276 (S.D.N.Y. April 3, 2024) (ordering advance disclosure of "any affirmative defense"); *United States v. Fishbein*, No. S1 21 Cr. 296 (PAC), 2023 WL 2734428, at *4 (S.D.N.Y. Mar. 31, 2023) (ordering advance disclosure of any advice-of-counsel defense).

Very truly yours,

JAMES M. McDONALD
United States Attorney

By: ______________________
Catherine Ghosh
Justin Horton
Benjamin Burkett
Assistant United States Attorneys
(212) 637-1114 / 2276 / 2455

---

[5] In response to your question (Ltr. at 6), the Government confirms that it will produce *Brady* material contained in witness statements that are otherwise 3500 material, as it already has pursuant to and/or beyond its *Brady* obligations in the February 2, 2026 letter to Mr. Washington. Your related request that the Government produce "underlying source material for any *Brady* and Rule 3.8 information, as opposed to any summary letter or paraphrased description of the information" is without legal support, *see, e.g.*, *United States v. Collins*, 409 F. Supp. 3d 228, 244-45 (S.D.N.Y. 2019), but if you would like to provide authority for your request, we will consider it further.